Cory J. Rosenbaum, Esq. (CR 7529)
**Rosenbaum & Sanders, LLP**
112 West 34th Street, 18th Floor
New York, NY 10120
(212) 732-7922

*Attorneys for Plaintiff*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 27 2012 ★

LONG ISLAND OFFICE

**NO SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MARIO N. CICCARELLO,

                                   Plaintiff,

         -against-

THE LONG BEACH POLICE DEPARTMENT, THE CITY
OF LONG BEACH, and Police Officers JOHN DOE 1 and
JOHN DOE 2 (fictitious names, actual names unknown)

                                Defendants.

-------------------------------------------------------------------------X

**CV - 12 3736**

Civ. No.:

**SPATT, J.**

COMPLAINT **LINDSAY, M.**

PLAINTIFF DEMANDS
A TRIAL BY JURY

Plaintiff, MARIO N. CICCARELLO, by his attorneys, ROSENBAUM & SANDERS,

LLP, complaining of the defendants, respectfully states and alleges as follows:

## SUMMARY OF ACTION

While plaintiff was already in custody, Defendant Police Officers forcefully placed

handcuffs on plaintiff's ankles. The handcuffs on plaintiff's ankles caused him to fall and strike

his head within the cell causing a severe laceration to his skull (photographs attached), brain

injuries as well as other physical and psychological injuries.

## NATURE OF THIS ACTION

1.      Plaintiff brings this action for monetary damages (compensatory and punitive) against THE LONG BEACH POLICE DEPARTMENT, THE CITY OF LONG BEACH, and Police Officers JOHN DOE 1 and JOHN DOE 2 (fictitious names, actual names unknown), arising out of the excessive force, assault, battery, negligence, negligent and intentional infliction of emotional distress and violating the federal Constitutional rights of plaintiff, MARIO N. CICCARELLO.

2.      It is alleged that on September 7, 2011 between approximately 4:00pm to 6:00 pm, Police Officers JOHN DOE 1 (hereinafter "PO#1") and JOHN DOE #2 ("PO#2"), of the LONG BEACH POLICE DEPARTMENT (hereinafter "LBPD"), and as an agent, servant and/or employee of defendant THE CITY OF LONG BEACH (hereinafter "CITY"), acting in concert and under color of law, intentionally and willfully subjected plaintiff to, *inter alia*, excessive force, assault, battery, false imprisonment, negligence, negligent and intentional infliction of emotional distress and defendant violated the federal Constitutional rights of the plaintiff.

## THE PARTIES

3.      At all times hereinafter mentioned, plaintiff was and still is a resident of the County of Nassau, City of Long Beach and the State of New York.

4.      At all times hereinafter mentioned, defendant CITY was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

5.      At all times hereinafter mentioned, defendant LBPD was and still is a subdivision, department and/or agency of defendant CITY.

6.      At all times hereinafter mentioned, defendants PO#1 and PO#2 were employees of defendants CITY and LBPD, duly appointed and acting as police officers in the LBPD and were agents, servants and/or employees of defendants CITY and LBPD, acting in the course and scope of their employment as such and in furtherance of the interests and business of said employers.

7.      At all times hereinafter mentioned, defendants PO#1 and PO#2 were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the CITY, LBPD and/or the State of New York.

## JURISDICTION AND VENUE

8.      This action is brought pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a), 42 U.S.C. §§ 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the constitution of the United States and under the constitution, statutes and common law of the State of New York.  This court may assert supplemental jurisdiction over the state law claims as authorized by 28 U.S.C. § 1367 (a).

9.      Venue is laid within the United States District Court for the Eastern District of New York and is proper in that defendants are located therein and a substantial part of the events giving rise to the claim occurred, within the boundaries of the United States District Court for the Eastern District of New York.

## NOTICE OF CLAIM

10.     That heretofore and on or about the 2nd day of December 2011, Plaintiff's Notice of Claim was duly served upon and filed with the defendants CITY and LBPD, within ninety (90) days after the cause of action herein accrued.

11.     That prior to the commencement of this action, a statutory hearing was conducted of the plaintiff by defendants on January 10, 2012

12.     That at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the defendant CITY and LBPD for adjustment and they have neglected and/or refused to make adjustments or payment thereof.

13.     That this action is not commenced more than one year and ninety days after the cause of action accrued.

## STATEMENT OF FACTS

14.     At all times hereinafter mentioned, defendant CITY operated, maintained, managed, supervised and controlled a police department, specifically defendant LBPD, as part of and in conjunction with its municipal functions.

15.     At all times hereinafter mentioned, defendants PO#1 and PO#2 were employees of defendant CITY.

16.     At all times hereinafter mentioned, defendants PO#1 and PO#2 were employees of defendant LBPD.

17.     At all times hereinafter mentioned, defendants PO#1 and PO#2 were personnel of defendant CITY.

18.     At all times hereinafter mentioned, defendants PO#1 and PO#2 were personnel of defendant LBPD.

19.     At all times hereinafter mentioned, defendant CITY employed and supervised defendants PO#1 and PO#2.

20.     At all times hereinafter mentioned, defendant LBPD employed and supervised defendants PO#1 and PO#2.

21.     Upon information and belief, defendants PO#1 and PO#2 were graduates of a Police Academy chosen by defendants CITY and/or LBPD.

22.     At all times relevant hereto, defendant CITY had the duty to competently and sufficiently train and supervise within the Police Academy and at the Command, Precinct and Patrol levels, defendant officers PO#1 and PO #2, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to individuals such as plaintiff herein.  In addition, at all times relevant hereto, defendant CITY had the duty to competently and sufficiently train and supervise, within the Police Academy and at the Command, Precinct and Patrol levels, defendants PO#1 and PO#2, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

23.     At all times relevant hereto, defendant LBPD had the duty to competently and sufficiently train and supervise, within the Police Academy and at the Command, Precinct and Patrol levels, defendants PO#1 and PO#2, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to individuals such as plaintiff herein.  In addition, at all times relevant hereto, defendant LBPD had the duty to competently and sufficiently train and supervise, within the Police Academy and at the Command, Precinct and Patrol levels, defendants PO#1 and PO#2, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

24.     At all times hereinafter mentioned, defendants PO#1 and PO#2 were acting in their capacities as employees, agents and/or servants of defendant CITY.

5

25.     At all times hereinafter mentioned, defendants PO#1 and PO#2 was acting in their capacities as employees, agents and/or servants of defendant LBPD.

26.     At all times hereinafter mentioned, defendants PO#1 and PO#2 were acting under color of law.

27.     At all times hereinafter mentioned, the defendants' acts constituted state action.

28.     On September 7, 2011 between, approximately, 6:00pm and 8:00pm, plaintiff CICCARELLO was in the custody of defendants within defendants' precinct and a jail cell.

29.     At said time and place, defendants PO#1 and/or PO#2 forcefully placed handcuffs on plaintiff's ankles.

30.     Defendants were negligent and their conduct also included an assault, battery, intimidation, threats, menacing and otherwise forcibly placing handcuffs on plaintiff's ankles.

31.     Defendants used excessive force upon the plaintiff.

32.     Defendants while acting in concert, negligently and/or maliciously and with intent to injure plaintiff, and without just cause or any right to do so, improperly restrained the plaintiff.

33.     At no time did plaintiff's conduct warrant the improper use of force or the placement of handcuffs on his ankles.

34.     Defendants acted negligently, maliciously and intentionally.

35.     As a direct result of defendants' conduct, plaintiff was caused to suffer assault, battery, emotional distress and severe injuries, including but not limited to, his head and brain, some of which are permanent in nature.

36.     Plaintiff's head, brain and other injuries were suffered when he fell and struck his head within the cell as a direct result of defendants handcuffing plaintiff's ankles together.

37.     The foregoing enumerated acts, and failures to act inclusive of defendants' CITY and LBPD failure to monitor and supervise PO#1 and PO#2, and of all the defendants were all done without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

38.     By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff suffered severe injuries, violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive, unreasonable and unjustified force, as well as violations of his civil rights under 42 U.S.C. §§ 1983 and 1985.

39.     By reason of the foregoing acts and failures to act by the defendants, and as a direct and proximate result of same, plaintiff suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer continuous pain, diminution of his cognitive abilities, permanent scarring and other significant injuries.

40.     By reason of the foregoing, and as a direct and proximate result of same, plaintiff was caused severe and intense emotional anguish, humiliation, distress and embarrassment, and upon information and belief, will continue to suffer same.

41.     By reason of the foregoing, and as a direct and proximate result of same, plaintiff felt grave fear and intimidation for his safety and well being by virtue of the intentional, deliberate and malicious acts of the officers including the manner in which they assaulted, battered, attacked and improperly restrained him.

42.     By reason of the foregoing, and as a direct and proximate result of same, plaintiff required medical attention and did necessarily pay and become liable for the costs thereof, and upon information and belief, will necessarily incur similar medical expenses in the future.

43.     The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution, including freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST CLAIM FOR RELIEF

### AGAINST INDIVIDUAL DEFENDANT

### VIOLATION OF CIVIL RIGHTS AFFORDED BY
### 42 U.S.C. § 1983 and 42 U.S.C. §1985

44.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "43", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

45.     Defendants PO#1 and PO#2, with excessive and unlawful force and conduct, assaulted, battered, and improperly restrained Plaintiff in violation of his federal Constitutional rights under the fourth, eighth and fourteenth amendments of the United States Constitution and in violation of 42 USC § 1983.

46.     The defendants, acting in concert and under the color of law, deprived plaintiff of civil, constitutional and statutory rights and conspired to deprive plaintiff of such rights and are liable to plaintiff under 42 U.S.C. § 1983 and 42 U.S.C. §1985.

47.     As a result of the foregoing, plaintiff CICCARELLO suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and claims damages for the aforesaid injuries.

8

SECOND CLAIM FOR RELIEF

AGAINST INDIVIDUAL DEFENDANT

ASSAULT

48.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "47", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

49.     Upon approaching plaintiff and while in the process of placing handcuffs on his ankles, defendants PO#1 and PO#2, employees of defendant CITY and/or LBPD, while acting in concert, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

50.     The placement of handcuffs on plaintiff's ankles was excessive, unwarranted, unnecessary, violent and violated plaintiff's rights under the United States constitution and constituted an assault under New York State law.

51.     As a result of the foregoing, plaintiff CICCARELLO suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, medical expenses and claims damages for the aforesaid injuries.

THIRD CLAIM FOR RELIEF

AGAINST INDIVIDUAL DEFENDANT

BATTERY

52.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "51", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

9

53.     Defendants PO#1 and PO#2, while acting in concert, assaulted, battered, intimidated, threatened, menaced, attacked, and forcefully placed handcuffs on plaintiff's ankles and pushed the plaintiff onto a bench within the cell.

54.     That the aforesaid conduct by defendants PO#1 and PO#2 was without the consent of the plaintiff.

55.     That the aforesaid conduct by defendants PO#1 and PO#2 was offensive in nature.

56.     That the aforesaid conduct by defendants PO#1 and PO#2 was intentional.

57.     That the aforesaid conduct by defendants PO#1 and PO#2 was with the intent of causing physical, emotional and/or psychological harm and/or other injuries to the plaintiff.

58.     Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the United States constitution and constituted a battery under New York State law.

59.     As a result of the foregoing, plaintiff suffered injuries including, but not limited to, severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, medical expenses and claims damages for the aforesaid injuries.


### FOURTH CLAIM FOR RELIEF

#### AGAINST INDIVIDUAL DEFENDANT

#### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "59", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

10

61.     Defendants' conduct, in assaulting, battering, violating his federal Constitutional rights and improperly restraining plaintiff was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

62.     Defendants' extreme and outrageous conduct was intended to cause, did cause and continues to cause severe emotional distress to plaintiff CICCARELLO.

63.     As a result of the foregoing, plaintiff CICCARELLO suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, medical expenses and claims damages for the aforesaid injuries.

<u>FIFTH CLAIM FOR RELIEF</u>

AGAINST INDIVIDUAL DEFENDANT

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "63", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

65.     Defendants' conduct, in assaulting, battering plaintiff and violating plaintiff's Constitutional rights, defendants were careless and negligent as to the emotional health of Plaintiff.

66.     As a result of the foregoing, plaintiff CICCARELLO suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, medical expenses and claims damages for the aforesaid injuries.

11

## SIXTH CLAIM FOR RELIEF

### AGAINST INDIVIDUAL DEFENDANT

### COMMON LAW NEGLIGENCE

67.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "66", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

68.     Defendants PO#1 and PO#2 were negligent in their conduct, as well defendants CITY and the LBPD, in causing, or allowing, the aforesaid occurrence to take place.

69.     Defendants PO#1 and PO#2, while acting in concert, negligently assaulted, battered, intimidated, menaced, attacked, shoved and forcefully placed handcuffs on plaintiff's ankles.

70.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, medical expenses and claims damages for the aforesaid injuries.

### SEVENTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY AGAINST DEFENDANT CITY AND LBPD

### COMMON LAW NEGLIGENCE

71.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "70", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

72.     Defendant CITY, was negligent in its operation, management, supervision and control of defendant LBPD.

73.     Defendant CITY and LBPD were negligent in its hiring, training, supervising and evaluating its agents, servants and employee, including but not limited to defendants PO#1 and PO#2.

74.     As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, medical expenses and claims damages for the aforesaid injuries.

## EIGHTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY AGAINST DEFENDANT CITY AND LBPD

### *RESPONDEAT SUPERIOR*

75.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "74", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

76.     Defendants CITY and LBPD are liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and employee, under the doctrine of *respondeat superior.*

77.     Defendant CITY and LBPD by their agents, servants and employee, subjected plaintiff to, assault, battery, violation of his federal Constitutional rights, physical, emotional and psychological injuries, embarrassment, shame and public humiliation and medical expenses.

78.     As a result of the foregoing, plaintiff CICCARELLO suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, medical expenses and claims damages for the aforesaid injuries.

13

WHEREFORE, plaintiff demands judgment against the defendant, jointly and severally, for compensatory damages on each Claim for Relief, and plaintiffs demands an additional sum of punitive damages on each Claim for Relief, to be determined at the trial of this action and, in the event plaintiff is a prevailing party, attorneys' fees, interest, costs, disbursements and such other relief as to this Court shall seem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: New York, New York
      July 25, 2012

Respectfully submitted,

ROSENBAUM & SANDERS, LLP
*Attorneys for Plaintiff*

By: _____
    Cory J. Rosenbaum (CR 7529)
    112 West 34th Street, 18th Floor
    New York, New York 10120
    (212) 732-7922

14





## **ATTORNEY'S VERIFICATION**

The undersigned, an attorney duly admitted to practice in the Eastern District of New York, hereby affirms as follows:

The deponent is an attorney of record for the plaintiff in the within action; the deponent has read the annexed COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge and/or alleged upon information and belief, and as to the those matters deponent believes them to be true.

Deponent further states that the reason this Verification is made by deponent, and not by plaintiffs, is that plaintiffs reside in a county other than that in which deponent maintains his office.

The grounds for deponent's belief as to all matters are based upon interview(s) held by the undersigned, transcript(s), documents & photographs contained in my file.

Dated: New York, New York
     July 25, 2012

Cory Rosenbaum

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO N. CICCARELLO,

                              Plaintiff,                    Civ. No.: _____

               -against-

THE LONG BEACH POLICE DEPARTMENT,
THE CITY OF LONG BEACH, and
Police Officers JOHN DOE 1 and JOHN DOE 2
(Fictitious names, actual names unknown)

                              Defendants.

# COMPLAINT

## ROSENBAUM & SANDERS, LLP
*Attorneys for Plaintiff*
112 West 34th Street, 18th Floor
New York, New York 10120
(212) 732-7922